

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

FILED

AUG 0 3 2026

CLERK, U.S. DISTRICT COURT
TEXAS EASTERN

| | |
|---|---|
| TARIQ FAROOQ, <br><br> Plaintiff, <br><br> v. <br><br> JOSEPH E. BYRNE; and <br> BYRNE, CARDENAS & ARIS, LLP, <br><br> Defendants. | CIVIL ACTION NO. 4:26cv989 SDJ/AGD <br><br> JURY DEMANDED FOR ALL ISSUES SO TRIABLE |

**VERIFIED COMPLAINT FOR ADA TITLE V RETALIATION, INTERFERENCE, DECLARATORY RELIEF, AND INJUNCTIVE RELIEF**

**NATURE OF THE ACTION**

1. Plaintiff Tariq Farooq is a pro se litigant with multiple documented disabilities in Cause No. 005-07180-2025 in County Court at Law No. 5, Collin County, Texas. His disabilities include hearing loss, tinnitus, auditory-processing limitations, polyarthritis, severe fibromyalgia, chronic back pain, polyarthralgia, and functional limitations requiring flexibility and accommodations.

2. Dr. Kevin Lunde documented hearing loss and tinnitus significantly affecting auditory processing in stressful and rapid court communications. Dr. John M. Joseph documented broader disabling medical conditions and functional limitations, including polyarthritis, severe tinnitus, severe fibromyalgia, chronic back pain, polyarthralgia, and a need for flexibility and accommodations.

3. Plaintiff repeatedly exercised ADA-protected rights by requesting certified CART, Zoom participation, one-speaker-at-a-time speech, processing time, breaks, no surcharge, stop-and-cure procedures, and accessible records for hearings and depositions.

4. Defendant Joseph E. Byrne and Defendant Byrne, Cardenas & Aris, LLP first acknowledged in a July 29, 2026 letter that Defendants did not oppose Plaintiff participating by Zoom with certified CART and did not ask him to litigate without an auxiliary aid. Two days later, they filed a July 31, 2026 motion that transformed the same ADA activity into an alleged

basis for sanctions, discovery restrictions, fee shifting, and leave-of-court restrictions on future disability/indigency accommodation motions.

5. This case challenges the allegedly retaliatory and interfering use of a motion and proposed order. Plaintiff does not ask this Court to decide the underlying property-damage merits, vacate a state discovery order, discipline attorneys, or adjudicate ordinary state discovery objections. Plaintiff seeks only relief that is legally available under § 12203 against a proper defendant and that does not require federal control of the state case.

**PARTIES**

6. Plaintiff Tariq Farooq is an individual with disabilities. He is the pro se plaintiff in the underlying Collin County property-damage action.

7. Defendant Joseph E. Byrne is an attorney who signed and submitted challenged letters, motion papers, and proposed relief on behalf of NorthStar Energy Solutions, LLC and, for the July 31 motion, jointly for NorthStar and Atmos Energy Corporation.

8. Defendant Byrne, Cardenas & Aris, LLP is the law firm through which Byrne acted. The firm is sued for its own participation through signed filings, supervision, ratification, and firm-level litigation conduct, and for vicarious/respondeat superior liability for Byrne to the extent available under federal law.

**JURISDICTION, VENUE, AND SCREENING UNDER 28 U.S.C. § 1915**

9. This action arises under Title V of the Americans with Disabilities Act, 42 U.S.C. § 12203(a) and (b), based on Plaintiff's exercise of Title II court-access rights protected by 42 U.S.C. § 12132 and 28 C.F.R. §§ 35.130(f), 35.134, and 35.160. The Court has federal-question jurisdiction under 28 U.S.C. § 1331. The Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, supplies a remedy only if an independent federal claim and an Article III controversy otherwise exist. Venue is alleged to be proper in the Eastern District of Texas, Sherman Division, because the challenged conduct concerns proceedings, filings, and requested restrictions in Collin County, Texas.

10. Plaintiff satisfies Article III. The July 31 motion itself imposed an immediate response burden and alleged pecuniary loss, and it requested sanctions, fees, discovery relief, and a categorical leave-of-court restriction directed at future disability or indigency accommodation motions. Those requested restrictions created a concrete and non-speculative threat while the motion remained pending and allegedly chilled protected access activity. Traceability is direct because Defendants authored and submitted the challenged letters, motion, and proposed order. Redressability is satisfied to the extent a legally available damages award, declaration, or prospective nonretaliation remedy would redress completed injury or prevent repetition without controlling the state court.

11. This action is not a de facto appeal. Rooker-Feldman applies only when a state-court loser complains of injury caused by a preexisting state-court judgment and seeks federal review and rejection of that judgment. *T. M. v. University of Maryland Medical System Corporation*, 608 U.S. ___, slip op. at 1, 18 (2026); *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005). An independent federal claim is not barred merely because related issues were or could be raised in state court. *Skinner v. Switzer*, 562 U.S. 521, 532-33 (2011). Plaintiff alleges injury from Defendants' own filing and requested restrictions, not from the correctness of any state judgment; success on the pleaded claim does not require holding any state order erroneous, and Plaintiff expressly disclaims relief that would reverse, vacate, modify, nullify, or review a state-court order.

12. The Anti-Injunction Act may apply even to an order directed at litigants if the order effectively stays or controls state-court proceedings. 28 U.S.C. § 2283; *Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 286-87 (1970). Plaintiff therefore seeks damages and declaratory relief only to the extent otherwise available, and prospective relief only if it does not halt, nullify, dictate, or control the state case. If a requested equitable remedy would cross that line, Plaintiff requests that the remedy be denied, narrowed,

severed, or stayed rather than using a remedy-specific defect to dismiss an otherwise viable claim for completed conduct.

13. Younger abstention does not ordinarily extend to an ordinary private property-damage action because *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 72-73, 78 (2013), confines Younger to three exceptional categories. Nor does the domestic-relations exception apply: it is a narrow doctrine concerning issuance or modification of divorce, alimony, or child-custody decrees, not a federal-question action arising from independent conduct in a private property case. *Ankenbrandt v. Richards*, 504 U.S. 689, 703-04 (1992). This complaint seeks no divorce, custody, visitation, paternity, support, or other domestic-relations decree.

14. Texas attorney immunity, judicial-proceedings privilege, defamation privilege, and the TCPA do not create a jurisdictional bar to an express federal claim. Whether § 12203 reaches these Defendants and the alleged litigation conduct, whether a particular remedy is available, and whether federal petitioning protections narrow liability are claim-specific merits questions governed by federal law. Plaintiff does not plead defamation, common-law fraud, legal malpractice, or another independent state tort.

**IFP SCREENING, JURISDICTIONAL SEPARATION, AND LIMITING PRINCIPLES**

15. Plaintiff recognizes the Court's duty to screen under 28 U.S.C. § 1915(e)(2). He requests faithful separation of the three statutory inquiries: factual or legal frivolousness, failure to state a claim, and monetary relief against an immune defendant. A debatable or ultimately unsuccessful federal theory is not automatically frivolous; factual screening may not become credibility weighing; and a merits defect concerning a defendant, element, or remedy should not be relabeled as absence of subject-matter jurisdiction. Each count, defendant, capacity, and requested remedy should be analyzed separately.

16. Title V's threshold defendant-and-remedy questions should be addressed expressly and claim by claim. Section 12203 uses 'no person' language, and 28 C.F.R. § 35.134 refers to private or public entities, but § 12203(c) links remedies to the underlying ADA title and the Fifth Circuit

has not squarely resolved every private-defendant issue in this precise Title II/opposing-counsel setting. *Strife v. Aldine Independent School District*, 138 F.4th 237, 251-52 & n.11 (5th Cir. 2025), identifies the textual requirements for interference but arose in the employment setting. *Shotz v. City of Plantation*, 344 F.3d 1161, 1177-80 (11th Cir. 2003), is nonbinding, addresses personal-capacity retaliation under § 12203(a) rather than interference under § 12203(b), and relied materially on Chevron deference in its remedial analysis. *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 412 (2024), overruled Chevron's interpretive methodology but expressly did not itself overrule prior statutory holdings that relied on Chevron. Accordingly, Shotz remains relevant nonbinding circuit authority, but its Chevron-dependent reasoning does not control liability or remedies in this Circuit and warrants independent analysis of the statutory text.

17. Attorney immunity, judicial-proceedings privilege, and the TCPA are anticipated defenses to state tort theories, which is why the complaint does not repackage litigation statements as standalone defamation or fraud counts. *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481-85 (Tex. 2015); *Youngkin v. Hines*, 546 S.W.3d 675, 681-84 (Tex. 2018). The challenged statements and requests are pleaded only as conduct and evidence relevant to protected activity, knowledge, retaliatory or interfering purpose, causation, and injury under federal law.

| Issue at screening | Governing authority | Claim-specific safeguard requested |
| --- | --- | --- |
| Subject-matter jurisdiction | 28 U.S.C. § 1331; *Bell v. Hood*, 327 U.S. 678, 682-83 (1946); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 511-16 (2006); *Shapiro v. McManus*, 577 U.S. 39, 45-46 (2015). | Exercise § 1331 jurisdiction unless the federal claim is immaterial, asserted solely to obtain jurisdiction, or wholly insubstantial and frivolous; decide defendant, element, and remedy disputes as merits issues. |

| Issue at screening | Governing authority | Claim-specific safeguard requested |
|---|---|---|
| Frivolousness | *Neitzke v. Williams*, 490 U.S. 319, 325-30 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31-34 (1992). | Do not equate an unsettled or ultimately unsuccessful theory with frivolousness; factual frivolousness requires clearly baseless, irrational, or wholly incredible allegations, not credibility weighing. |
| Failure to state a claim | *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). | Apply plausibility count by count and defendant by defendant, accept well-pleaded facts as true, draw reasonable inferences for Plaintiff, and construe the pro se pleading liberally without inventing facts. |
| Affirmative defenses | *Jones v. Bock*, 549 U.S. 199, 215-16 (2007). | Do not resolve immunity, limitations, abstention, privilege, or another affirmative defense at screening unless the defense is established on the face of the complaint and is legally dispositive of the particular claim or remedy. |
| Curable defects | Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *Carmouche v. Hooper*, 77 F.4th 362, 368-69 (5th Cir. 2023); *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994); *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). | Identify the affected count, defendant, capacity, element, or remedy and permit a focused amendment before dismissal when the defect may be cured; deny amendment only for futility, incurability, or a previously pleaded best case. |
| Service after IFP authorization | 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3); *Lindsey v. U.S. Railroad Retirement Board*, 101 F.3d 444, 446-49 (5th Cir. 1996); *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). | After authorization, direct issuance and Marshal service; do not attribute court-controlled service delay to Plaintiff when adequate identifying information has been supplied. |

**CLAIM-SPECIFIC SCREENING SAFEGUARDS**

18. *Strife* derived at least three requirements from § 12203(b): qualifying coercion, intimidation, threats, or interference toward an individual; a statutory nexus to the individual's exercise or enjoyment of an ADA right, prior exercise or enjoyment, or assistance to another; and an underlying right granted or protected by the ADA. 138 F.4th at 251-52. *Strife* also cautioned that the provision does not cover every act that merely hinders an ADA right. This complaint pleads more than a routine objection or incidental burden: it alleges an express request for sanctions, fees, discovery advantages, and a categorical prefiling restriction aimed at future disability or indigency accommodation motions, together with a direct textual link between those requested consequences and Plaintiff's identified ADA/CART/Zoom filings.

19. Plaintiff does not request or consent to dismissal without prejudice. A without-prejudice dismissal would still terminate this action, require a new filing, and impose avoidable filing, service, timeliness, and administrative burdens where a targeted amendment could cure a pleading defect in the existing case. If the Court identifies a curable defect, Plaintiff requests precise notice of the affected count, defendant, capacity, element, or remedy and a meaningful opportunity to amend before dismissal. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *Carmouche v. Hooper*, 77 F.4th 362, 368-69 (5th Cir. 2023); *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994); *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Amendment may be denied if the defect is incurable or Plaintiff has already pleaded his best case, but an unsettled federal theory is not jurisdictionally insubstantial merely because it may ultimately fail on the merits. *Bell v. Hood*, 327 U.S. 678, 682-83 (1946); *Neitzke v. Williams*, 490 U.S. 319, 328-30 (1989).

20. The TCPA does not supply a special dismissal mechanism for this federal ADA cause of action. *Klocke v. Watson*, 936 F.3d 240, 245-49 (5th Cir. 2019), holds that the TCPA's special dismissal procedure conflicts with Federal Rules of Civil Procedure 12 and 56 and does not

apply in federal court. This complaint also omits independent Texas tort claims to which separate state-law defenses might otherwise be directed.

## IMPORTANT PLEADING LIMITS AND WHAT IS NOT BEING PLEADED

21. This complaint is designed to present the strongest immediately available federal claim while avoiding state-law tort theories that would create avoidable dismissal exposure. It does not plead standalone defamation, common-law fraud, legal malpractice, abuse of process, or civil conspiracy. Those labels would invite attorney-immunity, judicial-proceedings privilege, reliance, and TCPA arguments. The complaint instead pleads ADA Title V retaliation and interference under 42 U.S.C. § 12203 and 28 C.F.R. § 35.134.

22. The complaint describes allegedly false, misleading, and materially incomplete litigation statements. Those facts are pleaded as evidence of protected activity, knowledge, alleged retaliatory motive, interference, causation, and damages. They are not pleaded as independent defamation or common-law fraud counts.

## PROTECTED ADA ACTIVITY AND MEDICAL RECORD

23. Title II's application to access to courts protects a fundamental right. *Tennessee v. Lane*, 541 U.S. 509, 522-23, 533-34 (2004). Plaintiff's protected activity included filing and serving individualized requests for effective communication, certified CART, Zoom participation, one-speaker-at-a-time speech, processing time, breaks, advance searchable exhibits, no surcharge, stop-and-cure procedures, accessible records, and written rulings before inaccessible proceedings occurred. Those requests invoked, among other provisions, 28 C.F.R. §§ 35.130(f) and 35.160.

24. Plaintiff's medical evidence was not limited to hearing. In a verified Rule 166a(d)(3) and ADA motion filed July 20, 2026, Plaintiff attached Dr. Lunde's letter as Exhibit A and Dr. Joseph's letter as Exhibit B. That motion states that Dr. Joseph documented polyarthritis, severe tinnitus, severe fibromyalgia, chronic back pain, polyarthralgia, significant functional limitations, and the need for flexibility and accommodations.

25. Plaintiff also filed an MSJ response that identified Dr. Lunde and Dr. Joseph as disability evidence and explained that illness, medical travel, and hearing disability materially affected the time and accommodations necessary to handle delayed production, depositions, oral communications, and replies or new evidence.

## DEFENDANTS' KNOWLEDGE AND INTERNAL CONTRADICTION

26. On July 24, 2026, Byrne sent a conference letter identifying discovery issues and asking Plaintiff to provide deposition availability on or before August 18, 2026.

27. On July 29, 2026, Byrne sent a letter listing Plaintiff's vacation, public CART/deposition motion, supplemental declaration, sequencing motion, ADA motion, production index, and notice of discovery service. The letter stated that Defendants did not oppose Plaintiff's participation in depositions or hearings by Zoom with certified CART, did not ask Plaintiff to litigate without an auxiliary aid, and did not oppose the accommodations themselves.

28. On July 30, 2026, Byrne sent another letter asserting that Plaintiff still had not produced dates and pressing immediate supplementation and discovery. That letter also advanced satellite-photo and metadata theories as if counsel's interpretations were objective proof of discovery abuse and causation.

29. On July 31, 2026, Plaintiff served a verified Rule 191.2 response supplying August 18 and August 19 Zoom deposition windows, confirming he was not refusing discovery, explaining request-specific answers and limitations, and offering a detailed accessible deposition protocol.

30. Despite the July 29 non-opposition language and Plaintiff's July 31 deposition dates and verification, Defendants filed the July 31 protective-order motion presenting the ADA/access filings as abusive and asking for filing restrictions and fees.

## SPECIFIC RETALIATORY AND INTERFERING ACTS

31. Defendants labeled Plaintiff's ADA and access filings "AI-generated" and presented that label as part of a request for protective relief. The challenged label was attached to filings

requesting certified CART, Zoom, processing time, breaks, accessible records, no surcharge, and public court-access coordination.

32. Defendants asserted that in virtually all motions Plaintiff alleged indigency and disability and, in some cases, required "financial support from Defendants." A page-by-page term review of the identified filings shows that the direct financial-condition language appeared in a minority of the reviewed filings and that no reviewed filing used the phrases "financial support" or "Defendants pay." The reviewed filings repeatedly directed CART and official-record issues to the Court, Collin County, public court funds, or the noticing party's ordinary reporter obligations.

33. Defendants asserted that Plaintiff refused to provide deposition dates, while Plaintiff's July 31 response and declaration supplied two specific Zoom windows and stated he had not refused deposition.

34. Defendants asserted that sixteen prior motions were "each denied in whole or in substantial part," but their own exhibit reflected multiple grants of CART, resets, or both. That characterization converted a mixed record granting access-related relief into a narrative of uniform denial.

35. Defendants asserted that the juxtaposition of Plaintiff's "abusive, AI-generated motions" and settlement demands was itself abusive and intended to pressure Defendants economically. That accusation converted protected ADA/court-access filings and ordinary settlement advocacy into alleged misconduct.

36. Defendants requested an order requiring Plaintiff to obtain leave of court before filing any further motion seeking accommodations on the basis of indigency or disability. Their proposed order would have imposed that gatekeeping requirement. This requested relief is the clearest interference because it targeted future protected ADA activity by category.

## ABSENCE OF PROPORTIONATE PREJUDICE AND COMPRESSED TIMELINE NARRATIVE

37. Plaintiff's verified filings do not show a refusal to litigate. They show illness, medical travel, disability, and willingness to proceed remotely with necessary accommodations. Plaintiff stated that he was not seeking to avoid discovery and was willing to appear for deposition by Zoom or comparable secure platform with CART or equivalent real-time captioning, processing time, breaks, and reasonable coordination.

38. Atmos and NorthStar had their own responsive production obligations and controlled material project records. Atmos sought summary judgment based on a no-control/no-conduct theory while Plaintiff sought the complete MSA, addenda, project documents, communications, control records, complaint records, and depositions to test that theory. A short disability/medical-access adjustment did not create the sort of prejudice Defendants portrayed, especially while Defendants sought to suspend their reciprocal obligations.

## COUNT ONE - ADA TITLE V RETALIATION, 42 U.S.C. § 12203(A)

39. Plaintiff engaged in ADA-protected activity by requesting effective communication, certified CART, Zoom access, processing time, breaks, no surcharge, accessible records, public court-access coordination, and individualized proceeding-specific rulings. A good-faith request for reasonable accommodation may constitute protected activity. *Tabatchnik v. Continental Airlines*, 262 F. App'x 674, 676 & n.1 (5th Cir. 2008) (per curiam) (unpublished and nonprecedential except in the limited circumstances specified by Fifth Circuit Rule 47.5.4). Plaintiff pleads both a good-faith belief in, and documented factual support for, the requested disability access.

40. Defendants knew of the protected activity. Their July 29 letter listed those filings and stated non-opposition to Zoom with certified CART, and their July 31 motion quoted or summarized the same accommodation requests.

41. Defendants allegedly took action sufficiently adverse, in the pleaded circumstances, to deter protected activity by filing a motion and proposed order that portrayed Plaintiff's access

activity itself as abuse and sought sanctions, fees, release from reciprocal discovery duties, confidentiality relief, and leave-of-court restrictions on further disability or indigency accommodation motions. The complaint does not treat every adverse filing as retaliation; it targets the alleged use of identified ADA activity as the stated predicate for punitive and gatekeeping relief.

42. Causation is plausible and unusually direct because the challenged motion identified the protected ADA/CART/Zoom filings, characterized them as abusive, and requested consequences because of those filings. The proposed leave restriction expressly singled out future accommodation motions based on disability or indigency. Temporal proximity supplements, but is not the sole basis for, the pleaded causal nexus.

**COUNT TWO - ADA TITLE V INTERFERENCE, COERCION, INTIMIDATION, OR THREAT, 42 U.S.C. § 12203(B) AND 28 C.F.R. § 35.134(B)**

43. Plaintiff had and exercised ADA rights in connection with public court proceedings and court-access services, including the right to request reasonable modifications, effective communication, appropriate auxiliary aids and services, no surcharge, and individualized consideration. 42 U.S.C. § 12132; 28 C.F.R. §§ 35.130(b)(7), 35.130(f), and 35.160; *Tennessee v. Lane*, 541 U.S. 509, 522-23, 533-34 (2004).

44. Defendants allegedly interfered with those rights by asking the state court to punish, burden, and categorically restrict future disability-access filings and by presenting the exercise of ADA rights as litigation misconduct. The pleaded theory is not that opposing counsel must agree with every requested accommodation; counsel remains free to make good-faith, request-specific objections on lawful grounds.

45. The requested prefiling restriction, coupled with sanctions, fees, and discovery advantages, is alleged to constitute qualifying coercion, intimidation, threat, or interference because it directly targeted Plaintiff's ability to invoke ADA access rights in future proceedings and sought consequences on account of prior exercise. Plaintiff does not allege that every

burden, adverse filing, or ordinary litigation objection satisfies § 12203(b); the challenged conduct must meet *Strife*'s textual requirements, and the complaint pleads the qualifying act, statutory nexus, underlying right, knowledge, causation, and concrete injury separately.

### REQUESTED DECLARATORY AND PROSPECTIVE RELIEF

46. An actual controversy exists. Defendants claim their July 31 motion is ordinary protective-order practice; Plaintiff alleges that it targeted ADA-protected activity and sought to restrict future accommodation motions.

47. The Declaratory Judgment Act does not create a standalone cause of action. Based on the alleged live controversy under § 12203, Plaintiff seeks a declaration, only if a viable statutory claim and remedy exist, that Defendants may make legitimate, request-specific objections and may oppose relief on lawful grounds but may not retaliate or unlawfully interfere because Plaintiff exercises ADA rights.

48. Plaintiff seeks prospective relief only to the extent permitted by Rule 65, Article III, the Anti-Injunction Act, and federalism principles. Any order should preserve Defendants' right to make good-faith, request-specific filings on nonretaliatory grounds and may not direct the state court how to rule or prevent lawful advocacy as such.

### DAMAGES AND REMEDIES

49. Plaintiff seeks only relief legally available through § 12203(c)'s remedial cross-reference to the underlying Title II activity: proven out-of-pocket or other pecuniary loss if compensatory damages are authorized against a proper defendant and proved; nominal damages only if legally available; and narrowly tailored declaratory or prospective relief only if Article III and equitable requirements are met. Plaintiff does not request emotional-distress damages to the extent they are unavailable under *Cummings v. Premier Rehab Keller, P.L.L.C.*, 596 U.S. 212, 230 (2022).

50. Plaintiff pleads intentional conduct and actual knowledge based on Defendants' prior notice of the disabilities and stated non-opposition to accommodations, followed by the July 31 motion seeking disability-linked filing restrictions. He recognizes that the availability and

standard for compensatory damages under § 12203(c), when the underlying right arises under Title II and the defendants are private opposing counsel, remain threshold questions.

51. Plaintiff does not seek punitive damages because *Barnes v. Gorman*, 536 U.S. 181, 189 (2002), forecloses punitive damages under the Title II and Rehabilitation Act remedial framework incorporated by the pleaded theory. Plaintiff seeks only categories of relief legally authorized against a proper defendant and supported by proof.

52. If the Court identifies a curable pleading defect, Plaintiff requests an opportunity to amend in this action before dismissal, not merely permission to begin again in a new case. Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *Carmouche v. Hooper*, 77 F.4th 362, 368-69 (5th Cir. 2023).

53. If the Court determines that a particular allegation is privileged or immune from a state-law tort remedy, Plaintiff requests that the allegation remain as factual context for the federal statutory claim to the extent permitted, without converting it into a separate tort count.

54. If the Court concludes that Byrne or BCA is not a proper defendant, that personal-capacity liability is unavailable, or that a requested remedy is unavailable, Plaintiff requests an order identifying the exact legal defect and leave to amend or narrow the claim to the extent a legally supportable amendment can be made from facts presently alleged or additional facts consistent with Rule 11. Plaintiff does not ask the Court to assume that discovery will reveal a substitute defendant or to preserve a theory that is legally futile.

## ALTERNATIVE PLEADING AND PRESERVATION

55. Plaintiff seeks taxable costs and all other relief authorized by law. As a pro se litigant, he does not presently seek attorney's fees for his own work.

56. Plaintiff seeks declaratory relief identifying the boundaries of § 12203 and narrowly tailored prospective relief only if a viable claim, Article III standing, Rule 65 requirements, and the Anti-Injunction Act are satisfied. Any injunction must preserve Defendants' right to make

request-specific, good-faith objections on nonretaliatory grounds and may not control the state court's adjudication.

57. Plaintiff seeks actual compensatory damages only to the extent § 12203(c)'s Title II remedial cross-reference makes them available against a proper defendant and the evidence satisfies the governing intent and causation standards. Plaintiff seeks no punitive damages under the incorporated Title II remedy. *Barnes v. Gorman*, 536 U.S. 181, 189 (2002).

## REMEDIES AND DAMAGES

58. The complaint pleads actual injury and prospective threat with specificity and requests relief no broader than necessary. It does not ask the federal court to decide the property case, quash state discovery, or discipline counsel.

59. The complaint pleads causation from the face of the July 31 motion because the challenged relief expressly targeted the accommodation filings. It also pleads contrary facts allegedly known to Defendants, including supplied deposition dates, written discovery, corrections, Dr. Lunde's letter, Dr. Joseph's letter, and written acknowledgment that Defendants did not oppose Zoom with CART.

60. The complaint pleads alleged adverse or coercive conduct: express branding of the access filings as abusive, linkage of those filings to settlement pressure, requests for fees and prefiling restrictions, and a proposed order restricting future disability/indigency filings.

61. The complaint pleads protected activity: repeated requests for effective communication, certified CART, Zoom participation, processing time, breaks, and no surcharge in a Title II-covered court setting.

62. Federal-question jurisdiction exists under 28 U.S.C. § 1331 because the complaint expressly arises under 42 U.S.C. § 12203(a) and (b). A dispute over whether these Defendants are liable, whether § 12203(c) authorizes a particular remedy, or whether the alleged conduct satisfies every element ordinarily concerns the merits, not subject-matter jurisdiction, unless the federal theory is immaterial, asserted solely to manufacture jurisdiction, or wholly insubstantial

and frivolous. *Bell v. Hood*, 327 U.S. 678, 682-83 (1946); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 511-16 (2006); *Shapiro v. McManus*, 577 U.S. 39, 45-46 (2015).

### RULE 12(b)(1) AND 12(b)(6) PREEMPTION

63. To the extent Defendants invoke the Texas Citizens Participation Act, *Klocke v. Watson*, 936 F.3d 240, 245-49 (5th Cir. 2019), holds that the TCPA's special dismissal procedure conflicts with Federal Rules 12 and 56 and does not apply in federal court. The complaint asserts a federal ADA theory and does not plead separate Texas tort claims.

64. The complaint avoids asking the federal court to punish protected petitioning merely because counsel filed a motion. It targets the alleged use of disability-access activity itself as the asserted basis for sanctions, preclearance restrictions, and pressure intended to deter future ADA requests. The proof must distinguish legitimate advocacy from prohibited retaliation or interference.

65. State common-law immunity or privilege cannot nullify a valid federal cause of action. The antecedent questions remain whether § 12203 validly reaches the alleged conduct and defendants, whether constitutional petitioning protections limit the theory, and which remedies § 12203(c) authorizes. Those questions must be answered under federal law rather than assumed away.

66. The complaint does not plead a standalone Texas defamation or common-law fraud count based on statements in litigation. Texas judicial-proceedings privilege and attorney immunity would create substantial dismissal and fee risk for those claims. *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477 (Tex. 2015); *Youngkin v. Hines*, 546 S.W.3d 675 (Tex. 2018).

### LITIGATION PRIVILEGE, ATTORNEY IMMUNITY, TCPA, AND PETITIONING DEFENSES

67. The complaint does not convert ordinary advocacy into liability merely because it was adverse. The actionable theory requires a plausible nexus between protected ADA activity and coercive or retaliatory conduct. The pleaded nexus is that the July 31 motion expressly identified

the ADA/CART/Zoom filings as alleged abuse and sought filing restrictions, fees, discovery suspension, and leave requirements directed at future disability/indigency accommodation requests.

68. The complaint candidly acknowledges that the Fifth Circuit has not squarely decided every question concerning personal-capacity liability for a Title V claim predicated on Title II. *Shotz v. City of Plantation*, 344 F.3d 1161, 1177-80 (11th Cir. 2003), is nonbinding Eleventh Circuit authority permitting a personal-capacity retaliation claim in a public-services setting, but it did not decide interference under § 12203(b) and does not bind this Court. Its remedial analysis relied materially on Chevron deference. *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 412 (2024), overruled Chevron's methodology while expressly preserving prior statutory holdings from automatic overruling. Shotz therefore shows an arguable legal pedigree but does not resolve the controlling defendant-and-remedy questions here. Section 35.134 is relevant text, but the regulation alone cannot supply a cause of action or remedy that the statute withholds.

69. The Fifth Circuit identified at least three textual requirements for an ADA interference claim: qualifying coercion, intimidation, threats, or interference toward an individual; conduct connected to the exercise or enjoyment of an ADA right, prior exercise or enjoyment, or assistance to another; and a right granted or protected by the ADA. *Strife v. Aldine Independent School District*, 138 F.4th 237, 251-52 & n.11 (5th Cir. 2025). *Strife* did not hold that every hindrance is actionable. This complaint alleges a category-specific prefiling restriction, sanctions, fees, and discovery advantages expressly linked to the identified ADA filings, not merely a delay or incidental litigation burden.

70. The claim is predicated on alleged interference with and retaliation for Title II court-access activity. Section 12203(a) uses "no person," and § 12203(b) prohibits coercion, intimidation, threats, or interference with any individual's exercise or enjoyment of ADA rights.

The Title II regulation likewise states that no private or public entity may retaliate or interfere.

28 C.F.R. § 35.134.

## JURISDICTIONAL AND REMEDIAL CLARIFICATIONS
## CLAIM-SPECIFIC § 1915 SCREENING FRAMEWORK AND PRESERVATION OF THE RIGHT TO AMEND

71. Plaintiff recognizes that 28 U.S.C. § 1915(e)(2) requires screening and authorizes dismissal of a frivolous or malicious action, a complaint that fails to state a claim, or a request for monetary relief against an immune defendant. Plaintiff does not request exemption from screening. He requests claim-by-claim application of the governing standards, separation of jurisdiction from merits and liability from remedy, and identification of any curable defect before the action is terminated. Plaintiff specifically does not request dismissal without prejudice as a substitute for an amendment opportunity in the existing case.

| Screening issue | Authority | Required safeguard / potential reviewable error |
|---|---|---|
| Frivolousness | *Neitzke v. Williams*, 490 U.S. 319, 325-30 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31-34 (1992). | A claim is not factually frivolous merely because it is unusual or disputed. Dismissal on factual frivolousness requires irrational or wholly incredible allegations, not credibility weighing against a documented record. |
| Failure to state a claim | *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). | Accept well-pleaded facts as true, draw reasonable inferences for Plaintiff, disregard labels, and analyze each count and defendant separately. |
| Pro se construction | *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). | Construe the pleading liberally without supplying facts that were not alleged. |
| Affirmative defenses | *Jones v. Bock*, 549 U.S. 199, 215-16 (2007). | Dismissal based on an affirmative defense is appropriate at pleading stage only when the defense is established on the face of the complaint. |

| Screening issue | Authority | Required safeguard / potential reviewable error |
|---|---|---|
| Curable defect | *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *Carmouche v. Hooper*, 77 F.4th 362, 368-69 (5th Cir. 2023); *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994); *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009); Fed. R. Civ. P. 15(a)(2). | Where a deficiency may be cured and Plaintiff has not pleaded his best case, identify the defect and permit a focused amendment in the existing action rather than making dismissal and refiling the first resort. |
| Service after IFP | 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3); *Lindsey v. U.S. Railroad Retirement Board*, 101 F.3d 444, 446-49 (5th Cir. 1996); *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). | After authorization and sufficient identifying information, court-controlled service delay should not be converted into Plaintiff's default. |

72. Plaintiff specifically acknowledges the substantial threshold issue: § 12203(c) tracks remedies to the underlying ADA title, and Title II generally imposes primary liability on a public entity. At the same time, § 12203(a) uses 'no person,' § 12203(b) protects 'any individual,' and 28 C.F.R. § 35.134 addresses private or public entities. The precise effect of those texts on private opposing counsel and available remedies is disputed and should be resolved as a claim-specific merits issue. If the Court identifies a curable defendant, capacity, or remedy defect, Plaintiff requests targeted amendment or narrowing; if the defect is incurable, Plaintiff requests a precise ruling that preserves review without conflating jurisdiction, liability, and remedy.

73. This section identifies requested screening safeguards; it does not contend that judicial screening creates personal civil liability. The narrower point is that a claim-wide jurisdictional dismissal should not rest on a merits disagreement, disputed facts should not be resolved against Plaintiff, and a curable pleading defect should ordinarily be addressed through a focused amendment opportunity rather than needless termination and refiling. The Court remains free to

dismiss a claim that is truly frivolous, legally incurable, or asserted against an immune defendant

for unavailable monetary relief.

### COUNSEL-CONDUCT AND PROFESSIONAL-STANDARDS MATRIX

| Authority | Standard | Application / limitation |
|---|---|---|
| Tex. R. Civ. P. 13 / CPRC Ch. 10 | Signed papers require reasonable inquiry and evidentiary support; sanctions require particularized findings. | Statements about no dates, no production, financial support must be tested against the actual record. |
| TDRPC 3.03(a)(1) | A lawyer shall not knowingly make a false statement of material fact or law to a tribunal. | Potentially implicated only if knowledge and material falsity are proven; the motion seeks an evidentiary hearing, not a disciplinary adjudication. |
| TDRPC 3.04(d) | A lawyer shall not knowingly disobey, or advise the client to disobey, an obligation under the standing rules of or a ruling by a tribunal, subject to the rule's stated exception for an open refusal. | Potentially relevant only if a standing rule or tribunal ruling imposed the obligation and knowing disobedience is proved; an ordinary discovery disagreement is not enough. |
| TDRPC 4.01(a) | A lawyer shall not knowingly make a false statement of material fact to a third person. | Conference letters should accurately state offered dates, produced evidence, and narrowed issues. |
| Texas Lawyer's Creed | Counsel should not use discovery for harassment, should make reasonable accommodation, and should accurately report agreements/disputes. | Persuasive professional standard; does not itself create damages or automatic sanctions. |
| Tex. R. Evid. 602, 701, 901 | Personal knowledge, lay-opinion limits, and authentication. | Counsel cannot convert interpretations of aerial imagery into proof of water depth, duration, or causation. |

### ADDITIONAL FEDERAL-QUESTION AND SCREENING STANDARDS

74. The complaint presents express federal statutory theories under 42 U.S.C. § 12203(a)

and (b). Federal-question jurisdiction is absent only when the asserted federal claim is

immaterial, made solely to obtain jurisdiction, or wholly insubstantial and frivolous. *Bell v.*

*Hood*, 327 U.S. 678, 682-83 (1946); *Shapiro v. McManus*, 577 U.S. 39, 45-46 (2015). A dispute

over whether the statute supplies a cause of action against these Defendants, or which remedies

are available, ordinarily must be analyzed separately from subject-matter jurisdiction. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 511-16 (2006).

75. The pleading does not conceal its principal legal risk: the Fifth Circuit has not squarely held that a private opposing lawyer or law firm may be sued under Title V when the underlying protected activity arises under Title II. *Strife v. Aldine Independent School District*, 138 F.4th 237, 251-52 & n.11 (5th Cir. 2025), supplies the interference elements but not a complete defendant-and-remedy answer. *Shotz v. City of Plantation*, 344 F.3d 1161, 1177-80 (11th Cir. 2003), is nonbinding, concerns retaliation rather than interference, and rests in material part on the Chevron methodology later overruled by *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 412 (2024). Loper Bright did not automatically overrule prior Chevron-based statutory holdings, but Shotz's reasoning is not controlling here. These limits warrant careful merits analysis, not a jurisdictional conclusion that the pleaded federal theory is fabricated or wholly frivolous.

76. Pro se pleadings remain subject to Rule 8 and plausibility, but an imperfect legal label does not require dismissal when the factual allegations give fair notice of a legally cognizable theory. *Johnson v. City of Shelby*, 574 U.S. 10, 11-12 (2014). In view of the consequences of dismissal on the complaint alone, district courts often provide at least one opportunity to cure pleading deficiencies unless the defects are incurable or the plaintiff is unwilling or unable to amend. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). Rule 15(a)(2) directs that leave be freely given when justice requires, and Fifth Circuit IFP cases require a meaningful chance to plead the best case before sua sponte dismissal with prejudice absent futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Carmouche v. Hooper*, 77 F.4th 362, 368-69 (5th Cir. 2023); *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994); *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Plaintiff requests the same efficient, merits-oriented amendment opportunity here before any curable defect results in termination.

## FEDERAL-QUESTION JURISDICTION IS ESTABLISHED ON THE FACE OF THIS COMPLAINT

77. This complaint invokes 42 U.S.C. § 12203(a) and (b), 28 C.F.R. § 35.134, and federal-question jurisdiction under 28 U.S.C. § 1331. Under *Bell v. Hood*, 327 U.S. 678, 682-83 (1946), jurisdiction exists unless the asserted federal claim is immaterial, made solely to obtain jurisdiction, or wholly insubstantial and frivolous. Whether a particular Defendant is liable, whether a remedy is available, and whether the alleged conduct satisfies every element are ordinarily merits questions. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 511-16 (2006). The complaint pleads statutory text, a documented underlying Title II access right, identified protected activity, Defendants' knowledge, the challenged motion and proposed order, direct causal language, concrete injury, and limited remedies; the theory therefore is not fictitious or jurisdictionally frivolous even if the Court ultimately rejects it on the merits.

78. Section 12203(a) prohibits retaliation by 'no person,' and subsection (b) prohibits coercion, intimidation, threats, or interference with an individual's exercise or enjoyment of ADA rights, prior exercise or enjoyment, or assistance to another. The Fifth Circuit has identified the interference provision's textual requirements while warning that not every hindrance is actionable. *Strife v. Aldine Independent School District*, 138 F.4th 237, 251-52 & n.11 (5th Cir. 2025). Plaintiff pleads the underlying court-access right, protected requests, qualifying conduct, statutory nexus, knowledge, causation, and injury separately. Any disagreement over whether those allegations ultimately satisfy the statute belongs in a merits analysis under § 1915(e)(2)(B)(ii), not a dismissal for want of federal-question jurisdiction.

## ROOKER-FELDMAN AFTER *T. M.* DOES NOT BAR THIS INDEPENDENT FEDERAL CLAIM

79. The Supreme Court's June 18, 2026 decision in *T. M. v. University of Maryland Medical System Corporation*, 608 U.S. ___, slip op. at 1, 18 (2026), confirms that Rooker-Feldman applies when a state-court loser complains of injury caused by a state-court judgment and asks a federal district court to review and reject that judgment, even if state appellate review remains

available. *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005), and *Skinner v. Switzer*, 562 U.S. 521, 532-33 (2011), likewise preserve jurisdiction over independent federal claims that do not seek appellate review of the state judgment itself. Plaintiff does not ask this Court to reverse, nullify, vacate, modify, or declare invalid any state discovery or property order. The alleged injury arose from Defendants' own July 31 filing, proposed restriction, and requested consequences, and success does not require a holding that the state court decided anything incorrectly.

80. The alleged injury is independent of the existence or correctness of any state order: Defendants allegedly characterized protected accommodation requests as abuse, requested disability-linked prefiling restrictions, sought sanctions and fees, and used materially incomplete factual narratives to burden or chill protected activity. If any requested remedy would require review or rejection of a state judgment, Plaintiff expressly disclaims that remedy and requests severance or narrowing. A remedy-specific federalism limit does not convert the independent completed-conduct claim into a de facto appeal.

### THE COMPLAINT IS NOT A SHOTGUN PLEADING

81. Each count identifies the statutory subsection, protected activity, challenged act, causation theory, injury, defendant, and requested relief. The counts incorporate only the common factual chronology necessary to avoid needless repetition.

They do not combine unrelated property torts, discovery merits, defamation, fraud, or judicial-review claims. Federal Rule of Civil Procedure 8 requires a short and plain statement, not evidentiary detail or perfect legal labels. *Johnson v. City of Shelby*, 574 U.S. 10, 11-12 (2014).

| Count | Defendant-specific conduct | Essential elements pleaded | Requested remedy |
|---|---|---|---|
| Count I - § 12203(a) | Byrne and BCA allegedly sought sanctions, fees, and filing restrictions because Plaintiff pursued ADA court-access accommodations. | Protected activity; action sufficiently adverse under the applicable retaliation standard; causal connection; injury. | Actual proven loss, declaratory and prospective nonretaliation relief. |
| Count II - § 12203(b) | Byrne and BCA allegedly used a motion and proposed order to interfere with future accommodation requests. | Qualifying interference, coercion, intimidation, or threat; statutory nexus to exercise, enjoyment, prior exercise, or assistance; underlying ADA right. | Actual proven loss and narrowly tailored prospective relief. |
| Requested declaratory/prospective relief | Continuing threat of the same disability-linked restrictions. | A viable underlying claim, concrete controversy, traceability, redressability, and satisfaction of equitable and statutory limits. | Declaratory or prospective relief only if authorized; no standalone Declaratory Judgment Act cause of action. |

## EXHIBIT-ANCHORED PATTERN AND KNOWLEDGE

82. The medical record is contained at Ex. A, BYRNE-APP 0002-0004. The written conference record shows contemporaneous illness and hearing-disability notice at Ex. B, BYRNE-APP 0005-0010. Byrne's July 24, July 29, and July 30 letters appear at Ex. C, BYRNE-APP 0011-0016, Ex. E, BYRNE-APP 0028-0033, and Ex. F, BYRNE-APP 0034-0038. Plaintiff's detailed responses appear at Ex. D, BYRNE-APP 0017-0027 and Ex. G, BYRNE-APP 0039-0057.

83. The protected ADA activity is documented at Ex. H, BYRNE-APP 0058-0066 through Ex. K, BYRNE-APP 0087-0093. The orders and litigation setting appear at Ex. L, BYRNE-APP 0094-0097 and Ex. M, BYRNE-APP 0098-0101. The challenged July 31 motion and proposed

order are reproduced at Ex. N, BYRNE-APP 0102-0111 and Ex. O, BYRNE-APP 0112-0114.

Plaintiff's discovery corrections at Ex. P, BYRNE-APP 0115-0119 rebut the theory that he refused to correct known deficiencies or could manufacture evidence outside his possession, custody, or control.

## PRIVATE-DEFENDANT AND REMEDY QUESTIONS ARE MERITS QUESTIONS REQUIRING CLAIM-SPECIFIC ANALYSIS

84. Plaintiff recognizes that Strife involved an employment defendant and did not decide every remedy question presented when the underlying ADA right arises under Title II and the alleged actors are private opposing counsel. That uncertainty warrants careful, claim-specific merits analysis, not jurisdictional dismissal. *Shotz v. City of Plantation*, 344 F.3d 1161, 1177-80 (11th Cir. 2003), is persuasive only in the limited sense that an individual-capacity retaliation theory in a Title II setting has an arguable legal pedigree; it is nonbinding, does not establish an interference claim under § 12203(b), and its Chevron-dependent reasoning must be evaluated independently after *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 412 (2024). Loper Bright did not itself overrule Shotz's statutory holding. If this Court adopts a different remedial construction, Plaintiff requests a precise, count-specific ruling and leave to make any nonfutile amendment or narrowing permitted by Rule 11 and Rule 15.

## ANTICIPATED RULE 12 AND § 1915 ARGUMENTS

| Expected argument | Preemptive response | Proper disposition |
|---|---|---|
| No subject-matter jurisdiction | The complaint presents express, nonfrivolous federal claims on its face. *Bell*, *Arbaugh*, and *Shapiro* separate federal-question jurisdiction from disputed merits and remedy questions. | Exercise § 1331 jurisdiction and analyze each count, Defendant, element, and remedy under the appropriate merits standard. |
| Rooker-Feldman | The alleged injury arises from Defendants' independent filing and requested restrictions, and success does not require invalidating any state judgment. *T. M.*, *Exxon Mobil*, and *Skinner* are expressly addressed. | Reject Rooker-Feldman; alternatively, sever only a remedy that would require review or rejection of a state judgment, not the independent completed-conduct claim. |

| Expected argument | Preemptive response | Proper disposition |
|---|---|---|
| Younger / comity | *Sprint* confines Younger to exceptional categories. The underlying case is a private property dispute, and any equitable relief is independently limited by federalism and 28 U.S.C. § 2283. | Analyze the category and requested remedy; deny, narrow, sever, or stay only the relief that intrudes. |
| Attorney immunity / litigation privilege | Those state-law doctrines are not jurisdictional and do not automatically extinguish a valid federal statutory claim. Their scope, federal effect, and any fact-dependent application are merits questions. | At screening, decide only defenses established on the face of the complaint; if the federal claim otherwise survives, reserve disputed facts for ordinary adversarial proceedings. |
| First Amendment petitioning | The ADA claim targets alleged retaliation/interference because of protected disability activity, not good-faith advocacy as such. | Apply statutory elements and any constitutional avoidance narrowly. |
| No private remedy | The statutory text and nonbinding authority give the theory an arguable legal basis, while the private-defendant and remedy questions remain unresolved in this precise setting. | Treat the issue as a claim-specific merits question, not absence of jurisdiction. If a defect is curable, permit targeted amendment before dismissal; if incurable, state the precise basis. |
| Shotgun / Rule 8 | Counts, defendants, acts, elements, injuries, and remedies are separated. | No shotgun dismissal; if a particular allegation remains unclear, identify it and permit a focused amendment or more definite statement. |
| No actual injury | Plaintiff pleads threatened filing restrictions, fee or sanction exposure, chilled activity, and alleged pecuniary consequences, all subject to Article III and remedial proof. | Permit only legally authorized discovery and limit damages to categories supported by the governing remedial framework. |

## LAWFUL DAMAGES AND REMEDIES

85. Plaintiff seeks only relief the law permits: proven out-of-pocket or other pecuniary loss causally attributable to retaliation or interference if compensatory damages are authorized against a proper defendant; nominal damages only if legally available; declaratory or narrowly

tailored prospective relief only if a live Article III controversy and an authorized cause of action remain; and taxable costs. Plaintiff excludes emotional-distress damages to the extent barred by *Cummings v. Premier Rehab Keller, P.L.L.C.*, 596 U.S. 212, 230 (2022), and excludes punitive damages under *Barnes v. Gorman*, 536 U.S. 181, 189 (2002). No remedy requested should be read to direct the state court, overturn a state order, or prevent good-faith, request-specific advocacy.

## CLAIM-SPECIFIC SCREENING SAFEGUARDS AND PRESERVATION OF AMENDMENT

86. Section 1915(e)(2) authorizes early dismissal, but it does not authorize resolving disputed facts against Plaintiff, converting a debatable merits question into absence of jurisdiction, or ignoring a focused request to cure an identified pleading defect. *Denton v. Hernandez*, 504 U.S. 25, 32-34 (1992); *Bell v. Hood*, 327 U.S. 678, 682-83 (1946). Plaintiff requests that any screening order identify the exact deficient count, defendant, capacity, element, or remedy and explain whether the defect is factual, legal, jurisdictional, remedial, or immunity-based. If the defect is curable, Plaintiff requests leave to amend in this action under Rule 15(a)(2) before dismissal; if the Court concludes amendment would be futile, Plaintiff requests a claim-specific ruling that states why the defect cannot be cured. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *Carmouche v. Hooper*, 77 F.4th 362, 368-69 (5th Cir. 2023); *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994); *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009).

| Potential screening error | Controlling limitation | Requested safeguard |
|---|---|---|
| Treating a debatable federal claim as absence of jurisdiction | *Bell v. Hood*; *Arbaugh v. Y & H Corp.*; *Shapiro v. McManus*. | Separate subject-matter jurisdiction from defendant, element, remedy, and other merits questions. |

| Potential screening error | Controlling limitation | Requested safeguard |
|---|---|---|
| Expanding Rooker-Feldman beyond review and rejection of a state judgment | *T. M. v. University of Maryland Medical System Corporation*; *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*; *Skinner v. Switzer*, 562 U.S. 521, 532-33 (2011). | Identify the state judgment, the alleged source of injury, and the precise relief that supposedly requires review and rejection; do not bar an independent completed-conduct claim. |
| Applying Younger outside *Sprint*'s exceptional categories | *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 72-73, 78 (2013). | Make category-specific findings. |
| Resolving exhibit disputes and intent against Plaintiff | *Twombly* and *Iqbal* require plausibility with well-pleaded facts accepted as true; *Denton* forbids using § 1915 screening as factfinding to resolve disputed facts. | Reserve credibility, intent, exhibit interpretation, and other disputed factual defenses for ordinary adversarial proceedings if the claims survive screening. |
| Terminating the action for a potentially curable pleading defect without addressing the express amendment request | Fed. R. Civ. P. 15(a)(2); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*; *Carmouche v. Hooper*; *Eason v. Thaler*; *Brewster v. Dretke*; *Foman v. Davis*. | Identify the exact defect and permit one focused amendment unless the defect is incurable, amendment would be futile, or Plaintiff has already pleaded his best case. |
| Attributing Marshal-controlled service delay to an IFP plaintiff | 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3); *Lindsey*; *Rochon*. | Order service after authorization and permit address correction. |

## FUNDAMENTAL COURT-ACCESS RIGHT

87. Title II's application to access to the courts protects a fundamental right and addresses exclusion from judicial services caused by disability barriers. *Tennessee v. Lane*, 541 U.S. 509, 522-23, 533-34 (2004). Plaintiff's requests for effective communication, auxiliary aids, reasonable modifications, and no surcharge therefore invoked recognized statutory and regulatory interests; this complaint alleges retaliation and interference because those interests were exercised, not a federal appeal from the merits of the state property action.

## PRAYER

88. Plaintiff asks the Court to: (1) exercise federal-question jurisdiction and conduct claim-specific screening under the correct § 1915 standards; (2) authorize issuance and service if the complaint survives screening; (3) enter judgment for Plaintiff on any viable claim after due proceedings; (4) award compensatory damages only to the extent legally available and proved, nominal damages only if available, and taxable costs; (5) enter declaratory or narrowly tailored prospective relief only if Article III, Rule 65, 28 U.S.C. § 2283, and the governing remedial

statute permit it; (6) preserve Defendants' right to make good-faith, request-specific objections on lawful grounds; and (7) before dismissing any curable claim or terminating the action for a curable pleading defect, identify the exact defect and grant a meaningful opportunity to amend in this case. Plaintiff requests no relief that reverses, vacates, modifies, nullifies, or controls a state-court judgment or order, and no punitive or unavailable emotional-distress damages.

Respectfully submitted,

*/s/ Tariq Farooq*
Tariq Farooq
Plaintiff, Pro Se
3500 S. Echo Trail
Plano, Texas 75023
(214) 498-9888
brainsurface@yahoo.com
tariq.farooq@brainsurface.com

## EXHIBITS INCORPORATED BY REFERENCE
Plaintiff incorporates the Federal Exhibit List and the attached BYRNE-APP appendix.

## JURY DEMAND
Plaintiff demands a jury trial on all issues so triable.

## VERIFICATION UNDER 28 U.S.C. § 1746
I declare under penalty of perjury under the laws of the United States of America that the foregoing factual statements based on my personal knowledge are true and correct.

Executed in Lahore District, Punjab, Pakistan, on August 3, 2026.

*/s/ Tariq Farooq*
Tariq Farooq
Declaration